1
2
3
4
5
6
7
8           IN THE UNITED STATES DISTRICT COURT
9          FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11   WAYNE M. SHEPPARD,              )      No. C 09-02820 JW (PR)
                                     )
12           Plaintiff,              )      ORDER OF DISMISSAL
                                     )
13      vs.                          )
                                     )
14                                   )
     FRANCISCO JACQUEZ, et al.,      )
15                                   )
             Defendants.             )
16                                   )
                                     )
17   _____)

18          Plaintiff, a prisoner at Folsom State Prison in Represa, California, has filed a

19   pro se civil rights complaint for damages under 42 U.S.C. § 1983, alleging that he

20   was assaulted and injured by another inmate due to the gross negligence of prison

21   officials for plaintiff's safety and health.  (Compl. 3.)  Plaintiff's motion for leave to

22   proceed in forma pauperis will be addressed in a separate order.  (Docket No. 2.)

23

24                              **DISCUSSION**

25   A.     Standard of Review

26          Federal courts must engage in a preliminary screening of cases in which

27   prisoners seek redress from a governmental entity or officer or employee of a

28   governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable

**United States District Court**
For the Northern District of California

Order of Dismissal
P:\PRO-SE\SJ.JW\CR.09\Sheppard02820_dismissal.wpd

claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.    Plaintiff's Claims

It is well-established that neither negligence nor gross negligence is actionable under § 1983 in the prison context. See Farmer v. Brennan, 511 U.S. 825, 835-36 & n.4 (1994); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) (gross negligence insufficient to state claim for denial of medical needs to prisoner). The applicable standard is one of deliberate indifference to inmate health or safety under the Eighth Amendment, see Farmer, 511 U.S. at 834; Wilson v. Seiter, 501 U.S. 294, 302 (1991), or in the case of allegations of excessive force, the prisoner must show that officials applied force "maliciously and sadistically for the very purpose of cause harm," Hudson v. McMillian, 503 U.S. 1, 6 (1992).

Plaintiff's allegations that the attack by another inmate was "due to the officers' negligence" and that he "feel[s] Defendants grossly neglected [his] safety and health," (Compl. at 3), are DISMISSED because they amount to no more than claims of negligence and are not actionable under § 1983.

Furthermore, plaintiff names Acting Warden Francisco Jacquez and the Director of the California Department of Corrections and Rehabilitation Mathew Cates as defendants but fails to allege their personal involvement in the incident which resulted in a constitutional deprivation. A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional

United States District Court
For the Northern District of California

1  deprivation or (2) a sufficient causal connection between the supervisor's wrongful

2  conduct and the constitutional violation.  <u>Redman v. County of San Diego</u>, 942 F.2d

3  1435, 1446 (9th Cir. 1991) (en banc) (citation omitted).  A supervisor therefore

4  generally "is only liable for constitutional violations of his subordinates if the

5  supervisor participated in or directed the violations, or knew of the violations and

6  failed to act to prevent them."  <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).

7  Here, plaintiff's claim of negligence by prison guards is not actionable under § 1983,

8  and therefore no supervisor liability may be imposed on defendants Jacquez or

9  Cates.

10

11                                    **CONCLUSION**

12         For the foregoing reasons, the complaint is DISMISSED for failure to state a

13  claim upon which relief may be granted.  <u>See</u> 28 U.S.C. § 1915A(b).

14

15  DATED: _____October 9, 2009_____            _____

16                                                JAMES WARE
                                                  United States District Judge
17

18

*(left margin, vertical text)* **United States District Court** — For the Northern District of California

19

20

21

22

23

24

25

26

27

28

Order of Dismissal
P:\PRO-SE\SJ.JW\CR.09\Sheppard02820_dismissal.wpd          3

# UNITED STATES DISTRICT COURT

## FOR THE

## NORTHERN DISTRICT OF CALIFORNIA

WAYNE M. SHEPPARD,

              Plaintiff,

  v.

FRANCISCO JACQUES, et al.,

              Defendants.

_____/

Case Number: CV09-02820 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____10/19/2009_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Wayne M. Sheppard G-01595
Folsom State Prison
P. O. Box 715071
Represa, Ca 95671

Dated: _____10/19/2009_____

                                Richard W. Wieking, Clerk
                              /s/ By: Elizabeth Garcia, Deputy Clerk